IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ROBERT FLEMING,

      Petitioner,

v.                                    Civil Action No. 5:11CV22
                                    (Criminal Action No. 5:09CR21)
UNITED STATES OF AMERICA,                          (STAMP)

      Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
VACATING THE JUDGMENT IN THIS ACTION AND
DIRECTING THE UNITED STATES PROBATION OFFICE
TO PREPARE AN AMENDED JUDGMENT ORDER**

I.   Procedural History

On February 11, 2011, the pro se[1] petitioner, Robert Fleming ("Fleming"), filed a motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. In his petition, he asserts that his counsel was ineffective. Specifically, the petitioner argues that his counsel: (1) lied to him in order for him to take the plea; (2) failed to get him evaluated; (3) failed to file a notice of appeal within ten days; (4) failed to get his signature on the plea agreement; and (5) failed to inform him what the grand jury was. The petitioner further claims that he asked his attorney to file an appeal immediately following his sentencing. It is undisputed that his attorney did not file an appeal. On July 14, 2011, United States

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 1999).

Magistrate Judge John S. Kaull held an evidentiary hearing to determine whether the petitioner's counsel was ineffective for failing to file a notice of appeal. The Court heard testimony from the petitioner, as well as the petitioner's former defense counsel, Thomas G. Dyer ("Dyer").

This matter was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. On July 20, 2011, Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2255 application be granted and that he be re-sentenced so that he may properly file an appeal. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen (14) days after being served with copies of the report. Neither party filed objections.

## II. Facts

On November 10, 2009, Robert Fleming entered a plea of guilty to Count Twenty-Seven of an indictment charging him with aiding and abetting the distribution of crack cocaine within 1,000 feet of a protected location. The guilty plea was based on a written plea agreement dated November 2, 2009. During the plea hearing, the Court reviewed the key provisions of Fleming's plea agreement, including the maximum penalty, his relevant conduct, and his waiver of appellate rights. Fleming advised the Court that he had signed each page of the plea agreement.

Subsequently, Fleming appeared before the Court for a sentencing hearing on February 8, 2010, at which time he was sentenced to serve 121 months of incarceration. Fleming and his attorney had received and reviewed the presentence report, thus, Fleming was aware of his sentence range under the Sentencing Guidelines. After receiving a sentence of 121 months of incarceration, Fleming became angry and agitated. Following the hearing, Dyer and Fleming remained in the courtroom to talk, at which time Dyer explained that Fleming needed to cooperate with the government so that a motion to reduce his sentence could be filed. After the hearing Dyer also spoke to a young woman, possibly Fleming's girlfriend, who insisted on filing an appeal. Dyer responded that there were no grounds for an appeal.

Some time between February 8, 2010 and February 22, 2010, Fleming wrote a letter to Dyer stating that unless Dyer was one hundred percent certain that he would get a sentence reduction, he wanted Dyer to appeal the plea. Dyer responded to Flemings' letter on February 22, 2011, but did not mention Flemings' request for an appeal. Fleming never received a sentence reduction, and no notice of appeal was filed.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

3

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825, 827 (E.D. Cal. 1979). Because the petitioner did not file any objections, this Court reviews the report and recommendation for clear error.

## IV. Discussion

The sole issue addressed by the magistrate judge in his report and recommendation is whether the petitioner instructed his attorney to file an appeal. Even though the petitioner waived his right to an appeal in his plea agreement, the United States Court of Appeals for the Fourth Circuit has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). The Fourth Circuit has also held that a defendant cannot be said to have waived his right to appeal "on that ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994).

In general, a defendant who enters into a plea agreement which contains a waiver of the right to collaterally attack a sentence is valid if the defendant knowingly and voluntarily waived those rights as part of the plea agreement. United States v. Lemaster,

4

403 F.3d 216, 220 (4th Cir. 2005). Such a waiver is also valid where collateral attacks are based upon claims of ineffective assistance of counsel which do not implicate the validity of the plea or the validity of the § 2255 waiver, or which do not relate directly to the plea agreement or the waiver. See Braxton v. United States, 358 F. Supp. 2d 497, 503 (W.D. Va. 2005). To determine the validity of a waiver of collateral-attack rights in a plea agreement, a court must examine the language of the waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. United States v. Blick, 408 F.3d 162 (4th Cir. 2005). A waiver of collateral-attack rights, however, does not apply to claims of ineffective assistance of counsel where the facts giving rise to the claim occurred after the defendant has entered a guilty plea. Lemaster, 403 F.3d at 732.

The United States Supreme Court decision in Strickland v. Washington provides that an ineffective assistance of counsel claim must show that defense counsel committed such serious errors as to prejudice the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant who alleges ineffective assistance of counsel after entering a guilty plea must show a reasonable probability that absent counsel's error, the defendant "would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The deficiency of counsel's performance is measured against an objective standard of

reasonableness.  <u>Strickland</u>, 466 U.S. at 687.  Thus, the petitioner has a high burden of proof -- he must show that his counsel's performance was objectively deficient to such an extent that the petitioner's defense was prejudiced and that but for his counsel's errors, the petitioner would not have entered into a plea agreement and would have insisted on having his case tried before a jury.

This Court agrees that the petitioner in this case has satisfied the two-prong test in <u>Strickland</u> and proven that he requested that his attorney file an appeal.  The petitioner testified that he asked Dyer to file an appeal during their conversation in the courtroom immediately following his sentencing. Dyer's general lack of recollection of this conversation with the petitioner leads this Court to agree that his conduct was below the general standard of reasonableness and that the petitioner was prejudiced by his counsel's failure to file an appeal. Additionally, the evidence in the record showing that the petitioner was upset during the sentencing hearing coupled with Dyer's recollection of a conversation with a young woman following the sentencing hearing regarding his refusal to file a frivolous appeal, corroborates the petitioner's testimony.  Moreover, the letter sent from Fleming to Dyer unequivocally states that he wanted Dyer to appeal his plea if Dyer was uncertain as to whether Fleming would receive a sentence reduction.  Because Dyer was not certain his client would receive a sentence reduction, he had a constitutionally-imposed duty to consult with Fleming about appeal.

6

See Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). No such consult was ever conducted by Dyer.

Although Dyer testified that it is his habit to dictate a response to correspondence received from clients when he opens it, he does not recall when or if he read the letter from the petitioner. Because this Court cannot confirm whether the letter was sent within the ten-day window to file an appeal, which would have expired no later than February 19, 2010, this Court agrees with the magistrate judge's conclusion that the letter was a timely request for an appeal. Thus, this Court agrees that the petitioner's 28 U.S.C. § 2255 motion must be granted.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is GRANTED to the extent that it alleges an ineffective assistance of counsel claim based upon counsel's failure to file a notice of appeal. It is further ORDERED that the judgment entered by this Court on February 9, 2010 be VACATED so that an amended judgment may be entered from which the petitioner may file a notice of appeal. The United States Probation Office is hereby DIRECTED to prepare an amended judgment in accordance with this order.

Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), the petitioner has **fourteen days** after the entry of the amended judgment within which to file a notice of appeal.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985). Further, this Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, to counsel of record herein and to the United States Probation Office.

8

DATED:      August 18, 2011


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE